# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| N-TRON CORPORATION, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION 09-0733-WS-C |
| | ) |
| ROCKWELL AUTOMATION, INC., | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This matter comes before the Court on defendant's Motion for Leave to Amend Answer (doc. 48). Plaintiff has filed an Objection (doc. 50) to that Motion.[1]

On December 15, 2010, defendant, Rockwell Automation, Inc., timely moved to amend its answer pursuant to Rule 15(a)(2), Fed.R.Civ.P. Specifically, Rockwell seeks to add seven new affirmative defenses, including a pair of defenses (one of which is the economic loss doctrine) concerning Wisconsin law, two other defenses concerning the identity of the plaintiff, a defense of failure to join a necessary and indispensable party, a defense that plaintiff's damages are limited by the terms of its contracts, and a defense that plaintiff's claims for damages are barred by public policy.

Plaintiff opposes the amendment. With respect to the affirmative defenses under Wisconsin law, plaintiff disagrees that Wisconsin law applies. With respect to the affirmative defenses concerning identity of the plaintiff and failure to join a necessary party, plaintiff

---

[1] Plaintiff's Objection includes statements that its name has changed from N-Tron Corporation to WNE Holdings Corporation pursuant to an asset sale occurring after the filing of the Complaint in this action. Plaintiff's Objection, plus its accompanying Notice of Name Change (doc. 51), makes clear that it wishes to prosecute this action in its new name. Accordingly, the style of this action is henceforth modified to identify the plaintiff by its new name, "WNE Holdings Corporation." The parties are **ordered** to include this change in the style of this case for all subsequent papers filed in this action. Also, the Clerk of Court is **directed** to make appropriate modifications to the docket sheet to reflect the plaintiff's new name.

contends that they are much ado about nothing because they relate simply to plaintiff's recent name change, as discussed in footnote 1, *supra*.

Defendant's Motion for Leave to Amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Courts have recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). As a general proposition, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (similar). That said, leave to amend can properly be denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

As presented, plaintiff's objections to defendant's proposed amendment do not fit any of these categories of circumstances under which leave to amend can properly be denied. To be sure, plaintiff disagrees with defendant's assertion that Wisconsin law applies, but it has not couched that objection in terms of futility, bad faith or prejudice. Without full briefing of the issue (including analysis relating applicable legal principles to the particular facts and causes of action at issue here), the Court cannot conclude at this time based on the fragmentary presentation of the issue that defendant's invocation of Wisconsin law is necessarily futile or that Wisconsin law cannot possibly have any application here. As such, these affirmative defenses will be allowed. Likewise, plaintiff's objections to the affirmative defenses concerning its name change are not so substantial as to support a conclusion that the proposed amendment is futile or brought in bad faith. And plaintiff identifies no objections to the proposed amendment adding two new affirmative defenses pertaining to damages.

For all of the foregoing reasons, defendant's Motion for Leave to Amend Answer (doc. 48) is **granted**, and plaintiff's Objection (doc. 50) is **overruled**. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by

Electronic Means, Rockwell is **ordered**, on or before **January 7, 2011**, to file as a single integrated pleading its Amended Answer, reproducing all allegations of its original Answer to plaintiff's First Amended Complaint and adding the new affirmative defenses appended to its Motion as Exhibit A.

Additionally, the style of this action is henceforth modified to identify the plaintiff by its new name, "WNE Holdings Corporation." The parties are **ordered** to include this change in the style of this case for all subsequent papers filed in this action. The Clerk of Court is **directed** to make appropriate modifications to the docket sheet to reflect the plaintiff's new name.

DONE and ORDERED this 30th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE